16-1743
*Pfizer Inc. v. McNeil-PPC, Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand seventeen.

Present:
    ROBERT A. KATZMANN,
        *Chief Judge*,
    PETER W. HALL,
        *Circuit Judge*.[*]

_____

PFIZER INC.,

        *Plaintiff-Counter-Defendant-Appellant*,

            v.                                No. 16-1743

McNEIL-PPC, INC.,

        *Defendant-Counter-Claimant-Appellee*.

_____

_____

[*] Judge Robert D. Sack, originally assigned to this panel, subsequently recused himself from this case. Therefore, this case is decided by the two remaining members of the panel pursuant to Second Circuit Internal Operating Procedure E(b).

For Plaintiff-Appellant:                        LYNN K. NEUNER (William T. Russell, Jr., and Daniel J. Stujenske, *on the brief*), Simpson Thacher & Bartlett LLP, New York, NY.

For Defendant-Appellee:                      STEVEN A. ZALESIN (Travis J. Tu, *on the brief*), Patterson Belknap Webb & Tyler LLP, New York, NY; Kathryn A. Meisel, Johnson & Johnson, New Brunswick, NJ.

Appeal from the United States District Court for the Southern District of New York (Carter, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED**, and the case is **REMANDED** for further proceedings in accordance with this order.

Pfizer Inc. appeals from the order of the United States District Court for the Southern District of New York (Carter, *J.*), entered on April 27, 2016, granting the motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) filed by McNeil-PPC, Inc., and denying Pfizer's motion for judgment on the pleadings. The parties dispute the interpretation of a consent judgment (the "Judgment") entered in 1989 by Judge William Conner, then of the United States District Court for the Southern District of New York. We assume the parties' familiarity with the facts and procedural history of this case, as well as the issues on appeal.

"We review a judgment under Federal Rule of Civil Procedure 12(c) de novo, accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 178 (2d Cir. 2013). "A district court's interpretation of a consent decree is also subject to *de novo* review." *Pandora Media, Inc. v. Am. Soc'y of Composers, Authors & Publishers*, 785 F.3d 73, 77 (2d Cir. 2015) (per curiam).

2

"Consent decrees 'reflect a contract between the parties (as well as a judicial pronouncement), and ordinary rules of contract interpretation are generally applicable.'" *U.S. ex rel. Anti-Discrimination Ctr. of Metro N.Y., Inc. v. Westchester Cty.*, 712 F.3d 761, 767 (2d Cir. 2013) (quoting *Doe v. Pataki,* 481 F.3d 69, 75 (2d Cir. 2007)). "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms." *In re World Trade Ctr. Disaster Site Litig.*, 754 F.3d 114, 122 (2d Cir. 2014). But "where the contract language creates ambiguity, extrinsic evidence as to the parties' intent may properly be considered," and "[w]here there is such extrinsic evidence, the meaning of the ambiguous contract is a question of fact for the factfinder." *JA Apparel Corp. v. Abboud*, 568 F.3d 390, 397 (2d Cir. 2009).

In the instant case, the Judgment, as relevant here, enjoins Pfizer's predecessor "from stating in words or substance in any advertisement that ADVIL is 'like TYLENOL' in the respect of adverse effects on the stomach." J. App'x at 26. The question at issue in this litigation is whether "ADVIL" in the Judgment refers to the Advil product for adults on the market during the 1980s litigation, or to Advil products containing ibuprofen more generally, including Advil products for children and infants. The Court looks first to whether the term "ADVIL" in the Judgment is ambiguous, when taken together with Judge Conner's opinion in *McNeilab, Inc. v. American Home Products Corp.*, 675 F. Supp. 819 (S.D.N.Y. 1987), which is incorporated by reference in the Judgment. The Court agrees with the district court's view that "[o]n its face alone, the [Judgment] is ambiguous." *Pfizer Inc. v. McNeil-PPC, Inc.*, 183 F. Supp. 3d 491, 494 (S.D.N.Y. 2016). However, the Court disagrees that the judicial decision incorporated by reference into the Judgment resolves this ambiguity, because that decision, like the Judgment

3

itself, can reasonably be read to apply either to all Advil products whose principal active ingredient is ibuprofen or solely to the adult Advil that gave rise to the 1980s litigation. Because the Judgment, when considered in light of the sole document it incorporates by reference,[1] is ambiguous as to whether the Judgment applies to pediatric Advil, the parties are entitled to offer extrinsic evidence as to the parties' intended meaning.

We have considered all of the parties' remaining arguments and have found in them no basis for altering our decision. Accordingly, the judgment of the district court is **VACATED**, and the case is **REMANDED** to the district court for further proceedings in accordance with this order.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK

---

[1] Contrary to the defendant's argument, the Judgment does not also incorporate by reference a prior decision in the 1980s litigation. *See Am. Home Prods. Corp. v. Johnson & Johnson*, 654 F. Supp. 568 (S.D.N.Y. 1987). However, even if the Judgment were also to incorporate this decision, the Judgment would be still be ambiguous as to whether it applies to the later-approved pediatric Advil product at issue in the instant appeal.